## Turner and others *vs.* Davis.

A judge's order to compel the attorney of the plaintiff in ejectment to produce his authority for using the plaintiff's name, must direct that the authority be produced *to the officer granting the order*, and state the *place* at which it is required to be presented.

An order defective in these respects may be disregarded.

In ejectment the defendant before pleading procured and served an order from a supreme court commissioner, that the acting attorney for the plaintiffs "produce his authority for commencing this action in the names of the plaintiffs therein;" and staying all proceedings until the authority should be produced. No time or place was mentioned for producing the authority; nor was it specified to whom the authority should be produced. The residence of the commissioner was not mentioned; but his official title was given as "Judge of Sar.

Bull v. Ketchum.

Co. Courts and Counsellor in Sup. Court." The plaintiffs' attorney disregarded the order, and entered judgment by default for want of a plea.

*J C. Hulbert*, for the defendant, moved to set aside the default and subsequent proceedings for irregularity ; and if that motion failed, he then asked relief on an affidavit of merits. He cited 2 *R. S.* 305, § 17—21.

*C. Stevens*, for the plaintiff.

*By the Court*, BRONSON, Ch. J. The order should have been that the attorney produce his authority *to the officer*, and at some particular *place*. The order was so defective that I think the plaintiffs' attorney was justified in treating it as a nullity. But the defendant must be relieved on terms.

Ordered accordingly.